UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD VILLAR, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 14-cv-491-WES |
| : | |
| UNITED STATES OF AMERICA, et al., : | |
|     Defendants. : | |

### AMENDED REPORT AND RECOMMENDATION
### FOR SUMMARY DISMISSAL PURSUANT TO § 1915(e)

Patricia A. Sullivan, United States Magistrate Judge

On November 3, 2014, Plaintiff Richard Villar filed his "Pro Se Complaint for Set Aside the Judgment Pursuant to Fed. R. Civ. P. Rules 60(b)(3), 60 (d)(3), and 60(b)(6)," together with a motion for leave to proceed *in forma pauperis* ("IFP") and supporting documents (ECF Nos. 1, 3, 4, 5, 6). The IFP application and supporting documents satisfy the requirements of 28 U.S.C. § 1915(a)(2) to proceed IFP; accordingly, the IFP motion will be granted if the case survives screening. However, because of the IFP application and Plaintiff's status as a prisoner, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). On January 14, 2015, I issued a report and recommendation that recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it is frivolous and fails to state a claim upon which relief may be granted (hereinafter, the "R+R").

After I issued the R+R, Plaintiff not only objected (ECF No. 19), but also brought three new motions:

- Motion to Amend Complaint Under Rule 15(a) For Add Evidence and Arguments that the Government Violate Its Brady/Giglio Obligations by Suppressing the Criminal and Informant Backgrounds of Certain Witnesses Such As Shauna Harrington (ECF No. 17);
- Motion for Expansion of Records and Argument (ECF No. 18); and

- Motion to Amend Complaint Under Rule 15(a) (ECF No. 20).

All three have been referred to me pursuant to 28 U.S.C. § 636; they are fully briefed and ripe for decision.

In this amended report and recommendation, I now address both the merits of the three motions and the screening of the complaint in light of the proposed amendments.  Procedurally, I do so by withdrawing the original R+R and replacing it with this amended decision, which takes Plaintiff's three motions into consideration.  This approach is adopted in the interest of judicial efficiency because the District Court has not yet ruled on Plaintiff's objection to my original R+R.  Finding that Plaintiff's new motions do not alter the analysis, I now recommend they be denied as futile and that the complaint be dismissed with prejudice.

One important aside: while Plaintiff's new motions should be denied as futile in the context of this habeas case, to the extent that they appear to be an attempt to challenge the partial denial of a Freedom of Information Act ("FOIA") request to the Federal Bureau of Investigation ("FBI") pursuant to 5 U.S.C. § 552, it is conceivable that they state a viable independent claim.  Even if the District Court adopts my new recommendation, denying all three motions and dismissing the complaint, Plaintiff remains free to file a new and separate civil action to take an administrative appeal from the partial FOIA denial; however, such an action must comply with all the regulatory requirements for bringing such an action.  See 5 U.S.C. § 552(a).[1]  Further, if the FOIA request results in the discovery of new evidence that, if proven and viewed in light of the trial evidence as a whole, would be sufficient to clearly and convincingly establish that no reasonable fact finder would have found Plaintiff guilty of the underlying offense, he may ask a

---

[1] Whether such an action would be timely, including whether Plaintiff's attempt to assert his FOIA claim in the context of this habeas case tolls the running of any applicable limitations period, is beyond the scope of this report and recommendation.

2

panel of the appropriate court of appeals to certify that he may bring a new habeas petition pursuant to 28 U.S.C. § 2255(h)(1).

I.     **Background**

On April 26, 2006, Plaintiff was indicted in the District of New Hampshire for conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a), and committing a bank robbery in violation of 18 U.S.C. § 2113(a); following a jury trial, he was convicted on both counts on August 24, 2007. United States v. Villar, 586 F.3d 76, 81-82 (1st Cir. 2009). Plaintiff appealed to the First Circuit, challenging, *inter alia*, the District Court's refusal to allow him to take juror testimony about ethnically biased comments made during deliberations. See id. at 79. In its opinion, the First Circuit concluded that the trial court could have inquired into the validity of the verdict and remanded the case to allow the trial judge to determine whether to engage in further inquiry regarding juror bias. The appeal also dealt with the witness whose credibility is now the linchpin of Plaintiff's collateral attack on his conviction, stating that the "defense attacked the credibility of two of the government's key witnesses, Shauna Harrington and Dedra Scott, based on their drug use, criminal histories, prior lies and inconsistent statements," and that "[s]ome of the details provided by these witnesses were corroborated by lay witnesses who saw the robbers and the getaway vehicle." Id. at 80 & n.2. While the matter was remanded to allow the trial judge to make an inquiry into the validity of the verdict, the court otherwise upheld the conviction. After Plaintiff's motion to set aside the verdict was denied, he appealed again; this time, the First Circuit affirmed. See United States v. Villar, No. 10-1789 (1st Cir. Mar. 17, 2011) (judgment).

Plaintiff's next step was to file a petition for habeas corpus relief under 28 U.S.C. § 2255 on December 27, 2011. Villar v. United States, 1:11-cv-592-PB (D.N.H.). That petition was

denied on January 20, 2012.  He appealed to the First Circuit, which denied his request for a certificate of appealability and terminated the appeal.  See Villar v. United States, No. 12-1732 (1st Cir. Dec. 18, 2012) (judgment).  After he unsuccessfully petitioned the Supreme Court for a writ of certiorari, on December 3, 2013, Plaintiff filed a second § 2255 petition; it was denied without prejudice as he had not obtained permission from the First Circuit to file a second or successive petition.  See Villar v. United States, 13-cv-518-PB (ECF Nos. 1, 3).  He next requested permission to file a second or successive § 2255 petition; the First Circuit denied his request on July 3, 2014.  See Villar v. United States, No. 14-1666 (1st Cir. July 3, 2014) (judgment).  This brings us to the case currently pending before the Court.  Like the earlier habeas petitions, it focuses on whether critical information bearing on the credibility of one of the government's key witnesses, Shauna Harrington, was withheld.  Accordingly, it amounts to a third habeas case under § 2255 and was recommended for dismissal in the R+R that issued on January 14, 2015.

Of the three new motions filed by Plaintiff after the R+R issued, the first two – the motion to amend (ECF No. 17) and motion for expansion of the record (ECF No. 18), which effectively amounts to a motion to amend – appear to have been prepared shortly before issuance of the R+R.  See ECF No. 19 at 2.  The first (ECF No. 17) proposes two changes to the original complaint.  First, it seeks leave to add a lengthy new paragraph 36 (along with new attached documents) alleging that Plaintiff made a FOIA request to the FBI, but did not receive all the requested records; he contends that the withheld records might reveal that the government made an undisclosed promise to Shauna Harrington in exchange for her testimony, amounting to suppression of exculpatory evidence sufficient to require that his conviction be overturned.  ECF No. 17-1 ¶ 36.  Second, Plaintiff added a new prayer for relief that asks for judgment based on a

"violation of Plaintiff's right to obtain his Brady/Giglio material evidence due to the FBI and Government suppressing the criminal and informant background of certain witnesses."  ECF No. 17-1 at 26.[2]  Plaintiff's second motion (ECF No. 18) repeats the same theme; it seeks "an expansion of records pursuant to Rule 7[3] . . . includ[ing] . . . letters and documentation that is seal by the FBI" and asks the Court to order the FBI to provide the withheld documents for in camera review.  See ECF No. 18.

After Plaintiff filed these motions, he objected to the R+R.  See ECF No. 19.  He then filed a third motion to amend.  ECF No. 20.  In apparent response to the R+R's critique of the original complaint based on its noncompliance with Fed. R. Civ. P. 8(a) and 10(b), the third motion to amend proposes a complaint that is a drastic overhaul of the earlier pleadings; it properly lays out his claim in numbered paragraphs with the indicia required to comport with Fed. R. Civ. P. 8(a) and 10(b).  However, although Plaintiff now titles his cause of action "Failure to Act Under Fifth Amendment," the gravamen of the new pleading remains the same – that his attorney failed to move to prevent Shauna Harrington from testifying, that she must have been promised that she would not be arrested on a pending warrant in consideration for her testimony against Plaintiff, and that this alleged promise was wrongfully withheld and might be revealed by the FBI records sought by his FOIA request.  See ECF No. 20-1.  He styles his claim as one based on the denial of his right to equal protection of the laws under 42 U.S.C. § 1985 arising from the deprivation of "his rights to have all material evidence for trial" and alleges that

---

[2] Although the pleading proposed by the first motion to amend omits the magic words, "vacate the conviction," which appeared in the prayer for relief in his original complaint and unambiguously established it as a habeas petition under § 2255, the relief sought by this proposed amended pleading remains the invalidation of his conviction.  See ECF No. 17-1 at 25.

[3] Plaintiff's argument that this case is brought under 42 U.S.C. § 1983/Bivens, and is not a successive habeas petition, is belied by the substance of the second motion to amend (styled as a motion to expand the record); it invokes "Rule 7" and cites to Blackledge v. Allison, 431 U.S. 63 (1971).  These are references to the rules governing habeas cases.  431 U.S. at 81; see also 28 U.S.C. § 2254 foll. ("Rule 7. Expanding the Record").

he is now proceeding "in a 1983 action for the violation of his Constitutional rights for the act or failure to act in order to commit fraud on the court." ECF No. 20-1 at 6-7. He claims that the current restraint on his liberty results from the failure of the prosecution at his trial to give him the material now withheld by the FBI (despite his FOIA request) and to disqualify Harrington from testifying as a "fugitive from justice," from the failure of his attorney to seek to suppress Harrington's testimony and from the failure of the trial judge to strike Harrington's testimony. ECF No. 20-1 at 7.

## II.  Applicable Law

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Section 1915 also requires dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b),

which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings; it instructs courts to "freely give leave" to amend. Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). However, an amendment should not be granted if the proposed pleading remains defective – "[f]utility of the amendment constitutes an adequate reason to deny the motion to amend." Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007). A motion to amend is futile if the proposed pleading fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 570 (1st Cir. 2014).

### III. Analysis

In addition to the technical deficit that it lacked the indicia required by Fed. R. Civ. P. 8(a) and 10(b), Plaintiff's original complaint was fatally flawed in that it consisted entirely of a reprise of his failed § 2255 arguments cloaked in a 42 U.S.C. § 1983/Bivens[4] action. While it was entitled "Pro Se Complaint For Set Aside the Judgment Pursuant to Fed. R. Civ. P. Rules 60(b)(3),60(d)(3), and 60(b)(6)," and was self-described as a § 1983/Bivens action, the filing amounted to a request that the Court set aside Plaintiff's criminal conviction. As such, it cannot survive screening. See Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003) ("a Rule 60(b) motion should be treated as a second or successive habeas petition if . . . the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction"). Having twice been denied leave, Plaintiff cannot proceed with a successive habeas petition, whether it is cloaked in a § 1983/Bivens action or presented in a Rule 60(b) motion. Id. at 70-71 (warning against facile circumvention of AEDPA's limitation on collateral attack)

---

[4] Bivens v. Six Unknown Fed. Agents, 403 U.S. 388 (1971).

7

(citing Dunlap v. Litscher, 301 F.3d 873, 875 (7th Cir. 2002)).  Relatedly, Plaintiff's original complaint was Heck-barred.  Heck mandates dismissal of any § 1983/Bivens suit that would "necessarily imply" the invalidity of a conviction; such a claim is not cognizable under § 1983/Bivens unless and until a challenge to the conviction is favorably resolved.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Riccio v. Torres, No. 07-CV-184-SM, 2008 WL 427750, at *4 (D.R.I. Feb. 12, 2008) (Heck rule applies to Bivens actions).  At bottom, Plaintiff had filed a third and successive § 2255 petition masquerading as a § 1983/Bivens civil action, which is clearly prohibited by 28 U.S.C. § 2244(b)(1) and (b)(3)(A).  For that reason, it should be dismissed.

A separate flaw based on immunity doctrines taints Plaintiff's claims against most of the defendants that he names.  First, his claims against Assistant U.S. Attorney Terry Ollila and District Judge Paul Barbadoro are completely barred by the absolute doctrines of judicial and prosecutorial immunity because Plaintiff challenges conduct that constitutes their respective functions.  Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009) (prosecutor enjoys absolute immunity as long as challenged conduct falls within function as advocate for a governmental entity); Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial decisionmaking and to insulate judges from vexatious actions by disgruntled litigants); see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (per curiam) (judicial immunity bars suits under § 1983 for money damages and injunctive relief).  Second, to the extent that the complaint may be interpreted as suing FBI Special Agent Brian Keefe in his individual capacity for money damages, the complaint lacks allegations sufficient to overcome his entitlement to qualified immunity.  Anderson v. Creighton, 483 U.S. 635, 638 (1987) (government officials performing discretionary

functions provided qualified immunity, "shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated"). Finally, Plaintiff purports to name the United States of America as a defendant. These claims are barred by the doctrine of sovereign immunity. See McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006) (Bivens "doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States."). Accordingly, the claims against the above-named defendants should be dismissed on the basis of these immunity doctrines, leaving only Agent Keefe in his official capacity for injunctive relief. But see Marks v. Does, No. C09-5489 RJB/KLS, 2010 WL 770366, at *4 (W.D. Wash. Mar. 2, 2010) (unclear whether injunctive relief under Bivens available against defendant named in official capacity).

The remaining defendant is Michael J. Iacopino, Plaintiff's defense attorney during his criminal trial. The claims against him should be dismissed because "[p]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." Hamil v. Nader, 589 F. App'x, 271, 272 (5th Cir. 2015) (per curiam); see also Faison v. Maccarone, No. 11-CV-0137 JFB ETB, 2012 WL 681812, at *13 (E.D.N.Y. Mar. 1, 2012) (defense attorney's advocacy in federal court does not cause him to assume the role of a federal actor subject to Bivens liability). There is an exception to this rule if a defense attorney conspires with state officials in the criminal case, Hamil, 589 F. App'x at 272, but Plaintiff has not alleged any such conspiracy in any version of his complaints.

Except for fixing the prior pleading's noncompliance with Fed. R. Civ. P. 8(a) and 10(b), Plaintiff's three motions do not cure any of these defects. Nothing in any of the motions changes the reality that Plaintiff cannot bring a § 1983/Bivens action challenging the validity of his conviction, that this suit still amounts to an impermissible successive § 2255 petition, and that

several of the defendants are protected by judicial, prosecutorial, qualified or sovereign immunity, while, as to one, the complaint fails to state a claim.

In addition to the replay of his failed § 2255 petition, Plaintiff's motions to amend contain new material that could be interpreted as an administrative appeal from the FBI's withholding of documents from the set produced in response to his FOIA request. When read in that light, the proposed new allegations present insurmountable practical problems – for starters, Plaintiff has failed to sue the defendant that must be joined to perfect an appeal to the district court from a FOIA denial and has not otherwise complied with the basic procedural requirements laid out in the applicable statute and regulations. See generally 5 U.S.C. § 552(a)(4). Accordingly, to the extent that the motions to amend purport to initiate a FOIA appeal, they should be denied because it is simply not appropriate to morph by amendment a habeas petition into an administrative appeal from the denial of a FOIA request. See Tatro v. Citigroup, Inc., 2012 U.S. Dist. LEXIS 43226, *6 (D.R.I. Mar. 14, 2012) (improper to bring multiple unrelated claims in single lawsuit by amending pleading from time to time). A habeas case is an entirely different animal from a civil action to appeal a FOIA denial. See Pearson v. U.S. Dep't of Homeland Sec., No. 3:08-CV-1885-B (BH), 2009 WL 1474837, at *3 (N.D. Tex. May 26, 2009) (denying consolidation of habeas case and FOIA appeal). Even if granted, the motions to amend do not cure the defects in the basic claim and it would be futile to allow them.

## IV.   Conclusion

Based on the foregoing, I recommend that Plaintiff's three motions (ECF Nos. 17, 18, 20) be denied as futile, that this case be dismissed with prejudice as frivolous and for failure to state

a claim, 28 U.S.C. § 1915(b), and that his IFP motion (ECF No. 2) be denied as moot.[5]  See 28 U.S.C. §§ 1915(e)(2), 1915A.  This recommendation is without prejudice to Plaintiff's appeal of the FOIA denial; to the extent Plaintiff wishes to file an administrative appeal in an appropriate federal district court from the FBI's partial denial of his FOIA request, this recommendation does not restrict his ability to bring a separate civil action for that claim, subject to all defenses available to any defendant that he sues.  See 5 U.S.C. § 552.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.[6]  See Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 29, 2015

---

[5] If the district judge does not adopt this recommendation and Plaintiff's case survives screening, this Court will grant his IFP motion; an Order setting out the amount to be paid as an initial filing fee and monthly until the filing fee is paid in full will be entered at that time.

[6] In light of Plaintiff's status as an incarcerated *pro se* litigant, he is hereby granted leave to incorporate by reference in his new objection any or all of the argument or attachments that he included with his original objection to the R+R, which he filed on February 2, 2015.  ECF No. 19.  To be clear, he must file a timely new objection; however, if he wishes, the new objection may simply incorporate by reference the content of his prior objection.